

# The Attorney General of Texas

July 10, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Fred Toler
Executive Director
Texas Commission on Law Enforcement
  Officer Standards & Education
1106 Clayton Lane, Ste. 220-E
Twin Towers Office Building
Austin, Texas 78723

Opinion No. H- 1206

Re: Authority of the District Attorney in Travis County to appoint investigators without the approval of the Commissioners Court.

Dear Mr. Toler:

You have requested our opinion regarding the authority of the District Attorney of Travis County to appoint investigators without the approval of the Commissioners Court.

Prior to its last amendment, article 326k-14, V.T.C.S., read in its entirety:

> Section 1. The District Attorney for the 53rd Judicial District shall represent the State in all criminal cases before the Criminal District Court of Travis County, Texas, the 53rd Judicial District Court, the 98th Judicial District Court, the 126th Judicial District Court, and all other District Courts of said County.
>
> Sec. 2. The District Attorney shall appoint a First Assistant District Attorney and such other assistants and secretaries as shall be necessary to the proper performance of his official duties. The number of assistants and secretaries to be appointed and the compensation to be paid shall be with the approval of the Commissioners Court of Travis County, Texas.
>
> Sec. 3. The District Attorney of the 53rd Judicial District shall be paid a salary in an amount not to exceed the total salary paid from State and county funds to the Judge of the Criminal District Court or other District Judges of Travis County nor less than the salary paid from State funds alone to the Judge of

the Criminal District Court or other District Judges of Travis County, Texas. The First Assistant District Attorney shall receive a salary not less than Seven Thousand, Five Hundred Dollars ($7,500) nor more than Ten Thousand Dollars ($10,000) per year and other Assistant District Attorneys shall receive salaries not less than Five Thousand Dollars ($5,000) nor more than Seven Thousand, Five Hundred Dollars ($7,500) per year.

Sec. 4. The Commissioners Court of Travis County is hereby authorized to pay the salaries provided in Section 3 of this Act or to supplement the salaries of the District Attorney and Assistant District Attorneys paid by the State of Texas in such an amount that the total salaries paid shall not exceed the maximum provided herein.

Acts 1963, 58th Leg., ch. 187, at 502 (emphasis added). Thus, under the statute as it existed from 1963 to 1969, the Travis County District Attorney was empowered to appoint all "assistants and secretaries as shall be necessary to the proper performance of his official duties." The number of these personnel was to be regulated, and their salaries approved, by the Commissioners Court. Clearly, however, the sole authority to appoint was conferred upon the District Attorney, and the only limitation upon that authority was the maximum number of positions fixed by the Commissioners Court.

In 1969, article 326k-14 was amended to its present version:

Section 1. The District Attorney of the 53rd Judicial District shall represent the State of Texas in all criminal cases before all the District Courts of Travis County, Texas.

Sec. 2. The District Attorney of the 53rd Judicial District shall appoint a First Assistant District Attorney and such other Assistant District Attorneys as shall be necessary to the proper performance of his official duties. The number of assistants to be appointed and the compensation to be paid shall be with the approval of the Commissioners Court of Travis County, Texas. The First Assistant District Attorney and other Assistant District Attorneys shall be duly licensed to practice law in the State of Texas and shall be authorized to perform any official act delving [sic] upon or authorized to be performed by the District Attorney, under the direction of the District Attorney, and shall be subject to removal at the will of the District Attorney.

> Sec. 3. The District Attorney of the 53rd Judicial District shall appoint as many stenographers, secretaries, investigators and other office personnel to be appointed and the compensation to be paid shall be with the approval of the Commissioners Court of Travis County, Texas.
>
> Sec. 4. The District Attorney of the 53rd Judicial District shall be paid a salary in an amount equal to the total salary paid from State and County Funds to the Judge of the 53rd Judicial District Court of Travis County, Texas, excluding any compensation paid to the Judge of the 53rd Judicial District Court of Travis County, Texas, with reference to juvenile board matters. The First Assistant District Attorney shall be paid a salary not to exceed Fifteen Thousand Dollars ($15,000.00) per year, and the other Assistant District Attorneys shall be paid a salary not to exceed Twelve Thousand-Five Hundred Dollars ($12,500.00) per year. The Commissioners Court of Travis County, Texas is hereby authorized to supplement the salaries of the District Attorney and the Assistant District Attorneys paid by the State of Texas in such an amount that the total salaries paid shall not exceed the maximum provided herein.

Acts 1969, 61st Leg., ch. 56, at 157.

According to the bill analysis, the only purpose of the amendment was "to raise the salaries of the District Attorney and his assistants." But, in addition, the form of the statute was altered, so that the District Attorney's authority to appoint assistant district attorneys remained in section 2, while his authority to appoint various "assistants and secretaries" was transferred to a completely rewritten section 3, and "stenographers" and "secretaries" were specifically listed among the "other office personnel" which the District Attorney was empowered to appoint.

As presently written, section 3 is not a meaningful sentence. The comparison which begins "as many . . ." is not completed, while "to be appointed" appears to be redundant. It is probable that several words were inadvertently omitted from the statute.

We are supported in this belief by the bill analysis regarding the 1969 amendment. If the amendment had been meant to alter the method of appointing "assistants and secretaries" in the office of the Travis County District Attorney, either by requiring individual confirmation or by removing the Commissioners Court's authority to impose a limit on the number of positions, it would seem that such a change would have been reflected in the bill analysis. However, the only

substantive purpose of the amendment appears to have been to raise salaries. The reorganization of the various sections of article 326k-14 appears to have been merely a matter of form.

Although a specific statute, such as article 326k-14, is generally held to prevail over a general statute dealing with the same subject matter, in the present instance a particular provision of the specific statute is meaningless. In that event, we believe it is permissible to consider the general enactment. Application of the relevant portion of article 3902, V.T.C.S., to the appointment power of the Travis County District Attorney leads to the same result as does resort to the pre-1969 version of article 326k-14. On the basis of these considerations, it is our opinion that the Travis County District Attorney may appoint investigators without the approval of the Commissioners Court pursuant to article 326k-14. The Commissioners Court has authority, however, to fix the maximum number of, and salaries for, such positions.

The Honorable Ronald Earle, District attorney of Travis County, has explained the procedure of appointing investigators in Travis County as follows:

> The procedure followed by this office in appointing investigators can perhaps be better understood if such investigators were represented as being of two different types: the first being those investigators who are compensated by Travis County and for whom slots have therefore been approved in the budget of this office by the Travis County Commissioners Court, and thus for which Commissioners' Court approval is necessary because of compensation. The second type would include investigators who are appointed by this office but not compensated by Travis County. Therefore, no request was submitted to the Commissioners' Court seeking authority to appoint uncompensated investigators . . . All Travis County investigators, including those not compensated by Travis County, were appointed to investigate matters under Travis County jurisdiction. The practice of appointing uncompensated investigators without seeking Commissioners Court approval has been done in my administration since January, 1977. It is my understanding that at least one prior district attorney also appointed uncompensated investigators without seeking Commissioners' Court approval.

We believe this procedure is within the legal contemplation of article 326k-14 and that you can rely on it in your certification. Should the Commissioners Court take action to fix the maximum number of compensated and uncompensated investigators for the District Attorney's Office and should this create a conflict of opinion between the District Attorney and the Commissioners Court a different question would be presented.

## SUMMARY

The Travis County District Attorney may appoint investigators pursuant to the authority of article 326k-14, V.T.C.S., without the approval of the Commissioners Court, but the Commissioners Court has authority to fix the maximum number of such positions.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn